### SCHLESINGER v. GILHOOLY.

(Supreme Court, Appellate Division, First ·Department. February 9, 1906.)

TRIAL—PREFERRED CAUSES—ACTION BY RECEIVER.

> Though the receiver of a bank was guilty of delay in commencing an action on a note and in noticing the case for trial, the principal question being merely whether the bank was a bona fide holder for value before maturity, it was error to deny plaintiff a preference over other actions on the calendar, in order that the cause might be determined before the time when he was required to make a final accounting.

Appeal from Trial Term, New York County.

Action by Leo Schlesinger, as receiver of the Federal Bank of New York, against Andrew Gilhooly. From an order denying plaintiff a preference over other actions on the calendar, he appeals. ·Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Stillman T. Kneeland, for appellant.

Ernest Hall, for respondent.

INGRAHAM, J. The plaintiff brought this action as receiver of the Federal Bank of New York to recover upon two promissory notes made by the defendant and applied to the Trial Term for a preference over other cases on the calendar, upon the ground that he had been directed by an order of the court to make a final accounting as receiver on March 15, 1906, and that to comply with this order it was necessary that pending actions to which the receiver was a party should be tried and finally disposed of prior to that time. The plaintiff was awarded the preference allowed by the Code, entitling him to have his case preferred over the cases noticed for the same term, but his application for a further preference was denied.

The action was commenced on November 26, 1904. On the 26th day of January, 1905, the defendant served an answer admitting the making of the notes, but alleging that the same were altered after they were made and delivered, and further alleging that the notes were delivered in pursuance of a usurious agreement between himself and one Muirhead, and that he is without knowledge or information sufficient to form a belief as to whether said notes were discounted by the Federal Bank. The objection of the defendant to the granting of this application was a tender consideration for the rights of other litigants which may be effected by giving this action a preference; but, considering the necessity of a prompt settlement of the affairs of this insolvent corporation and the peremptory order that has been granted requiring

this plaintiff to file his accounts as receiver, we think the court might well have given to this case a preference.

It would appear that the main question here is whether the bank is a bona fide holder for value before maturity of these notes. That question can certainly be disposed of without a protracted trial, so that the rights of other litigants will not be seriously affected by allowing this action to be promptly disposed of. The delay of the plaintiff in promptly commencing the action and noticing the case for trial should not be given controlling influence in an action where the plaintiff sues as receiver. If the plaintiff were a private individual seeking to enforce his rights, I should be disposed to think that his failure to promptly notice the case for trial after it was at issue would be a sufficient reason for denying his application; but under the circumstances I do not think that the delay should defeat the right of the people to have the offices of this insolvent corporation closed up as soon as possible; and to accomplish this, and to enable the receiver to comply with the order of the court and render the final accounting at the time required, the order should be reversed, and the plaintiff awarded a preference on the Trial Term calendar, with $10 costs and disbursements of this appeal, to abide the final event of the action. All concur.

---

## In re ASHHEIM'S ESTATE.

(Supreme Court, Appellate Division, First Department. February 9, 1906.)

EXECUTORS—PROCEEDING FOR ACCOUNTING—LIMITATIONS.

　　An executor who takes possession of the estate of the testator and manages the same contrary to the provisions of the will, requiring him to pay a specified sum to a trustee, cannot defeat a proceeding to compel him to account by merely showing that the proceeding was instituted after 10 years from the granting of the letters to him, so that the rights of the trustee are barred by limitations.

Appeal from Surrogate's Court, New York County.

Proceedings to require Aaron Cohn, executor under the will of Solomon W. Ashheim, deceased, to file an account. From an order directing the executor to file same, he appeals. Affirmed.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Sol. A. Cohn, for appellant.

John De Witt Warner, for respondent.

