THE BANK OF THE UNITED STATES, Plaintiff, *v.* FENLEY REALTY Co., INC., and Others, Defendants.

City Court of New York, New York County, November 22, 1932.

*Carl J. Austrian*, for the plaintiff.

*Herman A. Schoenfield* [*Max Burnofsky* of counsel], for the defendant.

LA FETRA, Ch. J. This is a motion for a preference, pursuant to section 71 of the Banking Law, in an action prosecuted in behalf of the Superintendent of Banks of the State of New York. In said section it is provided that such an action shall be entitled to the same preference to which an action by or against a receiver appointed by the court is entitled.

Section 138 of the Civil Practice Act provides for a preference in actions in which a receiver is a party. Section 141 of the Civil Practice Act regulates the granting of orders upon such applications. It reads: " If it shall appear that the cause is entitled to a preference and is intended to be moved for trial at or for the term for which the application is made, the court or justice must designate a day certain, during that term, on which day the said cause shall then be heard." Like language in a prior statute (Code Civ. Proc. § 793) was declared unconstitutional by the Appellate Division, First Department, November, 1904, in *Riglander* v. *Star Co.* (98 App. Div. 101; affd., 181 N. Y. 531, without opinion), and the motion was denied. Judge VAN BRUNT in his opinion said: " One of the powers which has always been recognized as inherent in courts, which are protected in their existence, their powers and jurisdiction

by constitutional provisions, has been the right to control its order of business and to so conduct the same that the rights of all suitors before them may be safeguarded. This power has been recognized as judicial in its nature, and as being a necessary appendage to a court organized to enforce rights and redress wrongs.

" That a mere ministerial duty cannot be imposed upon a court has long been recognized as inconsistent with its judicial functions, for the exercise of which alone, under our system of government, are courts organized, the ministerial and executive and legislative functions being lodged in other and independent branches of the government.

" It is claimed in the case at bar that the Legislature, in providing that the court shall put the case down for trial on a day certain in the term for which it is moved, and try the case on that day, is compelling the court to perform a ministerial act depriving it of all discretion as to the day of trial."

The Second Department, in *Woerner* v. *Star Co.* (107 App. Div. 248, July, 1905), approved the ruling but granted a preference over issues noticed for the same term. The First Department, in *Yorkshire Insurance Co.* v. *Raw Fur & Skin Trading Co.* (233 App. Div. 486, Nov. 1931), declared a like preference over other issues noticed for the same term.

*Schlesinger* v. *Gilhooly* (111 App. Div. 158, First Dept. 1906) is cited by plaintiff as a precedent. In that case plaintiff as receiver had been directed to make a final account on or before a day certain in the then near future. His application for a preference was granted over the other issues noticed for the same term. Upon appeal the order was reversed, a general preference granted, and the case ordered advanced to the Trial Term calendar. No order for a final accounting has been entered affecting the case at bar and it is obvious that *Schlesinger* v. *Gilhooly* is not applicable to this motion.

Upon the facts here presented, this court is without authority to grant a general preference. To grant the limited preference of only one day would interfere with the orderly dispatch of the business of this court (N. Y. City Ct. Act, § 30), and would be of no practical advantage to the plaintiff. Motion denied. Order signed.